**Zahra BAGHERI, Plaintiff, Appellant,**

v.

**Hugh GALLIGAN, et al., Defendants, Appellees.**

No. 04–2449.

United States Court of Appeals, First Circuit.

Dec. 28, 2005.

Zahra Bagheri, on brief, pro se.

Doris Helene White, Assistant Attorney General, and Thomas F. Reilly, Attorney General, on Motion for Summary Disposition for appellees Sharon Woodward, Arlene Chiriadonna, Jerome Curly and Gwyne Hughes.

Mark J. Grady, Assistant U.S. Attorney and Michael J. Sullivan, United States At-

torney on Motion for Summary Disposition for appellee Hugh Galligan.

Before SELYA, LYNCH and LIPEZ, Circuit Judges.

PER CURIAM.

Pro se appellant Zahra Bagheri brought an action under 42 U.S.C. § 1983 against a federal official and four employees of the Massachusetts Office of Child Care Services alleging constitutional violations arising out of disputes concerning her license to provide family day care. Bagheri challenges the district court's March 31, 2004, order dismissing the claims against the federal defendant for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6), and its August 4, 2004, order dismissing the claims against the state defendants for want of prosecution under Fed.R.Civ.P. 41(b). We affirm the Rule 12(b)(6) dismissal of the claims against the federal defendant essentially for the reasons stated by the district court in its March 31, 2004 order. The allegations against that defendant did not state the violation of a constitutional right or any other cognizable basis for liability.

The claims against the state defendants were dismissed under Rule 41(b) because Bagheri failed to comply with court orders requiring her to file an amended complaint. The district court found the complaint deficient because, among other things, it failed to state clearly which defendant or defendants committed each of the alleged wrongful acts. In requiring Bagheri to amend the complaint to remedy this deficiency, the district court did not demand more than the minimum necessary to satisfy notice pleading standards. Bagheri does not challenge the district court's ruling in this regard. Instead, she argues that she was unable to file an amended complaint because she did not have the defendants' home addresses and could not obtain them due to the district court's stay of discovery. This argument is frivolous. Bagheri was not required to include defendants' home addresses in her amended complaint and it was not inappropriate to stay discovery at such an early stage of the proceedings. Bagheri was given ample time to comply with the district court's reasonable order to amend her complaint to meet minimum notice pleading standards. The district court did not abuse its discretion by dismissing Bagheri's claims against the state defendants when she failed to do so.

We have reviewed Bagheri's remaining arguments and find them to be without merit.

*Affirmed. See* 1st Cir. Loc. R. 27(c).